**FIRE–TROL HOLDINGS LLC,**
Plaintiff–Appellant,

v.

**UNITED STATES FOREST SERVICE,**
Defendant–Appellee.

No. 04–17101.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Nov. 2, 2006.

See also 68 Fed.Cl. 281 and 66 Fed.Cl. 36.

Paul F. Dauer, Esq., David Vincent Seyr, Esq., Diepenbrock Harrison, Sacramento, CA, Jennifer L. McCready, Esq., Tempe, AZ, for Plaintiff–Appellant.

Michael A. Johns, Esq., Marion T. Cordova, Esq., USPX–Office of the U.S. Attorney, Phoenix, AZ, Paul R. Wellons, Esq., U.S. Department of Agriculture Natural Resources Division, William F. Ryan, Esq., DOJ–Commercial Litigation Classification Unit, Washington, DC, for Defendant–Appellee.

Before: REINHARDT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Fire–Trol Holdings, LLC, which manufactures fire retardant chemical products used to fight wildland fires, appeals the district court's judgment dismissing for lack of jurisdiction its challenge to the United States Forest Service's adoption and application of new purchase requirements for the chemical content of wildland fire retardant. We reverse as to Fire–Trol's claim that the Service failed to comply with the public notice and comment requirements of the Administrative Procedure Act (APA), but otherwise affirm.

Allegations that the Forest Service's pre–2005 contract cycle decisions are arbitrary and capricious, and that they violate the requirements of the Federal Acquisition Regulation (FAR) for modifying qualification specifications and the open competition requirements of the Competition in Contracting Act (CICA), are "in connection with a proposed procurement" of fire retardant and have already been resolved by the Court of Federal Claims. *See Fire–Trol Holdings, LLC v. United States,* 68 Fed.Cl. 281 (2005) (rejecting Fire–Trol's bid protest for the 2005 contract cycle); *Fire–Trol Holdings, LLC v. United States,* 66 Fed. Cl. 36 (2005) (holding that the Forest Service decision not to purchase fire retardant containing YP Soda and to purchase fire

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

retardant containing a gum thickener was neither arbitrary and capricious nor contrary to FAR and CICA). We do not have concurrent jurisdiction over those disputes. *See* Administrative Dispute Resolution Act of 1996, Pub.L. No. 104–320, § 12(d), 110 Stat. 3870, 3875 (jurisdiction of the federal district courts expires).

■ However, Fire–Trol's complaint also asserts that the Forest Service's decision to limit its purchases to retardant with gum thickeners and no YP Soda was a "rule" that required, but did not receive, notice and opportunity for comment pursuant to 5 U.S.C. § 553. Fire–Trol argues that jurisdiction lies in the district court— and not the Court of Federal Claims under the ADRA—because this challenge is to rule-making procedures applicable to procurement generally, not to any particular procurement. In addition, it points out that there is no forum where a challenge to rule-making can be pursued if the district court lacks jurisdiction. The Forest Service does not dispute that the Court of Federal Claims lacks jurisdiction over a rule-making challenge, but nevertheless maintains that a bid protest is the appropriate way to seek review of agency procurement requirements.

The Court of Federal Claims has held that:

> [t]he ADRA vests exclusive jurisdiction in the Court of Federal Claims over actions challenging the government's compliance with its procurement regulations, *not* over actions regarding the *validity* of those regulations.... Although the ADRA has now removed from the district courts the jurisdiction to hear bid protest cases, there is nothing in the ADRA that takes away the residual authority of the federal district courts to hear challenges to the validity of regulations or statutes.

*Automated Commc'n Sys., Inc. v. United States,* 49 Fed. Cl. 570, 575–76 (2001). We agree with the Court of Federal Claims and conclude that the ADRA did not divest the district court of jurisdiction over Fire–Trol's claim that the Forest Service promulgated a "regulation" and that that regulation is invalid because the Forest Service failed to comply with the rule-making procedures laid out in § 553. We reverse the district court's decision to the contrary, and hold that the district court has jurisdiction under 28 U.S.C. § 1331 to adjudicate Fire–Trol's rule-making claim.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

RYMER, Circuit Judge, concurring in part and dissenting in part.

I agree that a federal district court lacks concurrent jurisdiction over claims that are within the jurisdiction of the Court of Federal Claims under the Administrative Dispute Resolution Act of 1996 (ADRA). 28 U.S.C. § 1491(b)(1). As this is so, it follows that Fire–Trol's allegations that the Forest Service's pre–2005 contract cycle decisions are arbitrary and capricious, and that they violate the requirements of the Federal Acquisition Regulation (FAR) and the Competition in Contracting Act (CICA), are "in connection with a proposed procurement" of fire retardant and thus are within the exclusive jurisdiction of the Court of Federal Claims under ADRA. This is not affected by the fact that when Fire–Trol first went to the Court of Federal Claims after the district court's dismissal, the Court of Federal Claims also dismissed the action because it found that Fire–Trol lacked standing as an "interested party" to pursue the relief requested before a specific solicitation for bids was announced. *See Fire–Trol Holdings, LLC v. United States,* 62 Fed.Cl. 440, 443–45 (2004). That was simply a matter of timing, not subject matter jurisdiction. And, since then, the 2005 contract cycle was initiated and the Court of Federal Claims has in fact adjudicated these claims.

While I agree that we should remand Fire–Trol's rule-making claim under the Administrative Procedure Act, 5 U.S.C. § 553, I would vacate, rather than reverse, that aspect of the district court's decision. Much more is now known about the nature of proceedings in the Court of Federal Claims—and the position of the parties with respect to the relief available in that forum—than when the district court rendered its decision. I believe appellate review on the issue of jurisdiction, as well as on the merits, would benefit from a more fully developed and focused record on the relationship between § 553 and the ADRA. In any event, consideration of jurisdiction is never foreclosed, and of course the mandate does not preclude addressing jurisdiction in the sense of whether the *APA* is even triggered. Consequently, I am confident that the court will not adjure continuing attention to the scope of its jurisdiction in light of what materializes on remand.